IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH KNEIPP,

    Plaintiff,

v.

PECO a/k/a EXCELON COMPANY,

    Defendant.

CIVIL ACTION
NO. 12-5929

**OPINION**

**Slomsky, J.**     **March 8, 2013**

## I.   INTRODUCTION

Plaintiff Joseph Kneipp, proceeding pro se, filed a Complaint (Doc. No. 3) alleging employees of PECO harassed him by repeatedly calling him to collect a debt owed to Defendant PECO Energy Company ("PECO").[1] The Complaint alleges that employees of PECO called Plaintiff while he was at work on thirty occasions. (Doc. No. 3 at 3.) Plaintiff asserts that the debt to PECO was discharged in a prior bankruptcy proceeding. (Id.) Since Plaintiff is proceeding pro se, the Court will view the Complaint liberally and consider it to be alleging a violation of the Fair Debt Collection Practices Act ("FDCPA").

Before the Court is Defendant PECO Energy Company's ("PECO") Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 5.) Defendant argues that even if all facts in the Complaint are true, PECO cannot be held liable under the FDCPA because it is a creditor, not a debt collector, and that a creditor who attempts to collect a debt is not liable under the FDCPA. (Id.) Plaintiff filed two documents in response to

---

[1] Plaintiff refers to PECO Energy Company as PECO, a/k/a Excelon Company. PECO Energy Company is a subsidiary of, and not another name for, Exelon Corporation. (Doc. No. 5-2.)

1

Defendant's Motion. (Doc. Nos. 8, 12.) A hearing on the Motion was held on February 13, 2013. For reasons that follow, the Court will grant Defendant's Motion to Dismiss.

## II. STANDARD OF REVIEW

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009). After Iqbal it is clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 1949; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Applying the principles of Iqbal and Twombly, the Third Circuit in Santiago v. Warminster Township set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss. 629 F.3d 121, 130 (3d Cir. 2010).

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago, 629 F.3d at 130 (quoting Iqbal, 556 U.S. at 675, 679). "This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (citing Phillips v. Cnty of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

2

has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679. The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## III. ANALYSIS

### A. The FDCPA Does Not Cover the Conduct of Creditors

The FDCPA, codified at 15 U.S.C. § 1692 et seq., "provides a remedy for consumers who are subjected to abusive, deceptive or unfair debt collection practices by debt collectors." Police v. Nat'l Tax Funding, L.P., 225 F.3d 379, 400 (3d Cir. 2000). The FDCPA, however, does not apply to every entity that attempts to collect a debt. As the Third Circuit has noted:

> The FDCPA's provisions generally apply only to "debt collectors." Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1059 (7th Cir. 2000). Creditors — as opposed to "debt collectors" — generally are not subject to the FDCPA. See Aubert v. American Gen. Fin., Inc., 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the Act. . . . Because creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, their debt collection activities are not subject to the Act unless they collect under a name other than their own."); Staub, 626 F.2d at 277 ("The [FDCPA] does not apply to persons or businesses collecting debts on their own behalf."); Hon. D. Duff McKee, Liability of Debt Collector to Debtor under the Federal Fair Debt Collection Practices Act, 41 Am. Jur. Proof of Facts 3d 159, at § 3 (1997) [hereinafter McKee] ("[I]nterestingly, the term 'debt collector' does not include the creditor collecting its own debt.").

Id. at 403.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The statute further states that the term "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor,

3

collecting debts for such creditor." Id. § 1692a(6)(A). In contrast, the FDCPA defines "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed. . . ." Id. § 1692a(4).

Here, the principal business of Defendant PECO is to provide gas and electric service as a Pennsylvania utility company. (Doc. No. 5-2 at 3.) PECO is not in business as a collection agency. (Id.) Rather, PECO collects charges in its own name for services it provides. (Id.) Thus, PECO is a creditor — not a debtor — within the meaning of the FDCPA. While the facts underlying this case are unfortunate, viewing them in the light most favorable to Plaintiff does not show that PECO is a debt collector under the provisions of the FDCPA. Therefore, Plaintiff has not shown that he is entitled to relief against PECO in federal court. Accordingly, the Motion to Dismiss will be granted.

## IV. CONCLUSION

For the above reasons, the Court will Grant Defendant's Motion to Dismiss. An appropriate Order follows.